**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LIBERTY INSURANCE UNDERWRITERS, INC. | : | |
| VS. | : | C.A. No. 07-242 ML |
| PAUL M. FINSTEIN, THERESA HINDLE, and DAVID HINDLE | : | |

**DEFENDANT PAUL M. FINSTEIN'S MOTION TO DISMISS**

Defendant Paul M. Finstein ("Finstein") hereby moves this Court to dismiss this action filed by Plaintiff Liberty Insurance Underwriters, Inc. ("Liberty"). When Liberty filed this declaratory judgment action, parallel litigation was already ongoing in the Rhode Island Superior Court involving the same issues and the same parties, and including a similar prayer for declaratory relief by Finstein against Liberty. The state action embraces all of the issues between all of the parties, including the underlying claims by Theresa Hindle ("Hindle") for monetary damages against Finstein, her former attorney, for which Finstein seeks coverage under his professional liability insurance policy with Liberty.

The Rhode Island Superior Court action is Theresa Hindle v. Paul M. Finstein v. Liberty Insurance Underwriters, Inc., C.A. No. KC 06-882, and it is pending in Kent County. The Rhode Island Superior Court, Thompson, J. presiding, had granted Finstein's motion to add Liberty as a third party on June 22, 2007 on Finstein's declaratory judgment complaint against Liberty. Liberty did not file its declaratory judgment action in this Court until June 29, 2007.

The Rhode Island Superior Court action, first filed, is the appropriate forum for this dispute because all issues between the parties can be fully decided in state court. The dispute between these parties concerns issues of state professional liability insurance law, which is a

compelling state interest and of particular interest to the state courts. Piecemeal or parallel litigation is undesirable. Liberty and all other parties will achieve resolution on all claims in the state court action, including not only the declaratory judgment claim but also those underlying claims by Hindle for monetary relief. There is no reason for this federal court action to go forward, other than Liberty's apparent preference for the federal forum. Finstein requests that this action be dismissed.

Respectfully submitted,

Defendant,
PAUL M. FINSTEIN,
By his attorney,

/s/ S. Paul Ryan
S. PAUL RYAN #2264
spryan@eplaw.necoxmail.com
670 Willett Avenue
East Providence, RI 02915
Tel: (401) 437-0660
Fax: (401) 433-1605

Date: July 30, 2007

**CERTIFICATION**

Pursuant to AP10(c) of this Court, effective June, 2006, I hereby certify that on the 30th day of July, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney of record:

Joseph F. Penza, Jr., Esq.
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
401-737-3700 (phone)
401-737-5499 (fax)

/s/ S. Paul Ryan

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LIBERTY INSURANCE UNDERWRITERS, INC. | : | |
| | : | |
| VS. | : | C.A. No. 07-242 ML |
| | : | |
| PAUL M. FINSTEIN, THERESA HINDLE, and DAVID HINDLE | : | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT PAUL M. FINSTEIN'S MOTION TO DISMISS**

Defendant Paul M. Finstein ("Finstein") hereby moves this Court to dismiss this action filed by Plaintiff Liberty Insurance Underwriters, Inc. ("Liberty"). At the time of the commencement of this declaratory judgment action, parallel litigation was already ongoing in the Rhode Island Superior Court involving the same issues and the same parties, including a similar prayer for declaratory relief. That litigation continues, and unlike this federal court action, the state action embraces all of the issues between all of the parties, including those claims by Theresa Hindle ("Hindle") for monetary damages against Finstein, her former attorney.

## I.

## FACTS

The Rhode Island Superior Court action is known as Theresa Hindle v. Paul M. Finstein v. Liberty Insurance Underwriters, Inc., C.A. No. KC 06-882, and it is pending in Kent County. The Rhode Island Superior Court, Thompson, J., presiding, had granted Finstein's motion to add Liberty as a third party on June 22, 2007 for purposes of determining Finstein's declaratory judgment claim against Liberty for coverage of Finstein against the claims of Hindle. See June 22, 2007 Order, attached hereto as Exhibit A. On June 29, 2007, Finstein notified Liberty through counsel that the Order had been granted, and that he sought to serve Liberty with process

by agreement. See Letter from S. Paul Ryan to Joseph Penza, attached hereto as Exhibit B. Liberty filed its declaratory judgment action in this Court on that same date, June 29, 2007. Liberty responded by letter dated July 6, 2007 that it would not accept service of process by agreement, and that it had filed this federal court action. See Letter from Joseph Penza to S. Paul Ryan, attached hereto as Exhibit C. The state court intends to resolve the same issues between the same parties as in the later-filed declaratory judgment action currently before this Court. See Third Party Complaint, attached hereto as Exhibit D. The underlying complaint in the state court matter also concerns Hindle's allegations against Finstein for professional liability, out of which the coverage dispute between Finstein and Liberty arises. See Complaint, attached hereto as Exhibit E. Hindle's claims against Finstein are not before this Court.

## II.

## ARGUMENT

### A. "First Filed" Rule

In general, when an action is brought in one federal court and a later action is brought in another federal court or a state court, and both actions embrace the same issue, the first court has jurisdiction to proceed and enjoin the second prosecution in the absence of a balance of conveniences weighing in favor of the second suit or other special circumstances exist. If a declaratory relief action is filed in federal court after a coercive action had been filed in state court, the federal court has discretion to refuse to exercise its declaratory judgment jurisdiction in favor of the pending state action. This postulate is commonly referred to as the "first filed" or "first to file" rule. See Brillhart v. Excess Inc. Co., 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942) (ordinarily, it is "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same

issues, not governed by federal law, between the same parties"); see also EMC Corp. v. Roland, 916 F. Supp. 51, 53-54 (D. Mass. 1996) (Declaratory Judgment Act not designed to permit forum manipulation; first filed case given priority unless good reason for exception). The circumstances of the Finstein case are similar to those contemplated in Brillart and EMC Corp., in which cases the courts held that under the "first filed" rule, the state court action should have priority over the federal court action. The issues of this case are of state insurance law, between the same parties as in the state court action, and given the availability of state court relief, there is no reason why this action should have been filed other than Liberty's clear preference for the federal forum. This entire case, and more, is already before the Rhode Island Superior Court, and so this action should be dismissed.

**B. "Balance of Conveniences Test"**

In considering the proper order of priority between a declaratory judgment action and a coercive action, this Court considers whether special circumstances or a balance of the conveniences justify proceedings with the second declaratory relief action. See Reliance Inc. Co. v. Bend 'N Stretch, Inc., 935 F. Supp. 476 (S.D.N.Y. 1996) (most commonly used framework appears to be balance-of-conveniences analysis called for in U.S.C. § 1404(a)); see also Haagen-Dasz Shoppe Co., Inc. v. Born, 897 F. Supp. 122, 126-127 (S.D.N.Y. 1995) (court must inquire into whether question in controversy between parties to suit can be better settled in proceeding in state court; because tort claims in state action derive from negotiation of franchise agreement, state court is better suited to resolve issues in their entirety.) The party seeking to proceed with the second action (i.e., Liberty) has the burden of showing special circumstances or a balance of the conveniences that justify proceeding with that second action. One special circumstance that may constitute an exception to the first filed rule occurs when a party files a declaratory

judgment action after receiving notice from the adversary of a planned lawsuit. See Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2nd 215, 219 (2d Cir. 1978), cert. denied, 440 U.S. 908 (1979) (when declaratory judgment action is triggered by notice letter, this equitable consideration may be factor in determining whether to allow later filed action to proceed to judgment in plaintiffs' chosen forum); but see Federal Inc. Co. v. May Dep't Stores Co., 808 F. Supp. 347, 349-351 (S.D.N.Y. 1992) (when declaratory relief suit is filed in response to notice of a planned lawsuit by plaintiff's adversary, federal action dismissed as forum shopping even absent filing of state suit; additional factor involved applying state law.) There is no indication that Finstein added Liberty as a third party in order to defeat an intended federal court lawsuit. To the contrary, Finstein notified Liberty that it had been added as a party to the state court action the week prior, and on that same date Liberty filed the instant declaratory judgment action in federal court. It is not evident whether Liberty's filing of this action on June 29th was subsequent to its receipt of Finstein's notice on June 29th, or whether Liberty was compelled to act as a result of Finstein's notice, but it is certainly clear that Finstein's decision to add Liberty as a third party to the state action on June 22nd was unmotivated by questions of forum selection resulting from Liberty's June 29th federal filing. Liberty had threatened no federal court lawsuit until after it had already been added to the state court action.

### C. Factors Considered in "Balance of Conveniences" Test

#### 1. Deference to Identity of Issues and Parties in Pending Proceeding

District courts faced with a declaratory judgment action on a matter pending in state court must employ a balancing test and determine whether the claims of all parties in interest may be satisfactorily adjudicated in state court, by examining the nature and scope of the pending state proceedings and assessing the available defenses. Following Brillhart, a federal court typically

exercises its discretion by refusing to entertain a declaratory relief suit where, as here, a state court action is pending between the same parties that involves the same issues. Brillhart v. Excess Inc. Co., 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942) (issue is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court"); see also National Union Fire Inc. Co. of Pittsburgh v. Karp, 108 F.3d 17, 22-23 (2d Cir. 1997) (federal and state proceedings are concurrent or parallel for purposes of abstention when both proceedings are essentially the same, that is, there is identity of parties, and issues and relief sought are the same); Great American Inc. Co. v. Houston Gen. Ins. Co., 735 F. Supp. 581, 586 (S.D.N.Y. 1990) (recognizing that Declaratory Judgment Act should not be used as means of gaining procedural advantage and preempting forum choice of complainant in coercive action); American Home Prods. Corp. v. Liberty Mut. Ins. Co., 748 F.2d 760, 766 (2d Cir. 1984) (reviewing decisions holding that declaratory relief appropriate when insurer could not intervene in, or issues could not be raised in, underlying lawsuit, but concluding that instant case was factually distinguishable). There is no substantive difference between declaratory relief in federal court and in state court, and because Finstein, Hindle and Liberty are all parties to the state court action, there is no compelling reason why this Court should honor Liberty's request that it entertain this parallel action.

**2. Better or More Effective State Remedy**

In Brillhart v. Excess Ins. Co., the Supreme Court recognized that the district court had declaratory relief jurisdiction but was under no compulsion to exercise that jurisdiction, particularly in the face of a pending action in state court. See Brillhart v. Excess Inc. Co., 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). The Court stated that ordinarily, it is

uneconomical and vexatious for a federal court to proceed in a declaratory judgment suit when another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Id. at 495. Brillhart set forth a mandate that gratuitous interference with the orderly and comprehensive disposition of a state court suit should be avoided; therefore this Court should ascertain whether the issues in controversy between the parties to the federal suit that are not foreclosed by applicable substantive law can be better settled in the pending state court proceeding. A court may properly exercise its discretion to refuse declaratory relief if the alternative remedy is better or more effective. See El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 492-494 (1st Cir. 1992) (declaratory judgment should be declined when, among other factors, another adequate remedy is available); United Stated Liab. Inc. Co. v. Wise, 887 F. Supp. 348, 352 (D. Mass. 1995) (no federal declaratory judgment on insurance coverage because of pending state court proceeding, all issues are governed by unsettled and complex state law, and issues could be more efficiently resolved in state court); Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256-258 (4th Cir. 1996) (no abuse of discretion in dismissing insurer's declaratory relief suit filed before state action; court noted that only state court suit could resolve all issues, including issues and parties not involved in federal declaratory relief suit); Icarom, PLC v. Howard County, Md., 904 F. Supp. 454, 458 (D. Md. 1995) (court must consider, among other factors, whether issues can be more effectively resolved in state court); Newton v. State Farm Fire & Casualty Co., 138 F.R.D. 76, 79 (E.D. Va. 1991) (in suit seeking declaration of insurance coverage, more of factual dispute than legal dispute, declaratory relief would not end dispute; prospect of resulting piecemeal litigation is consistently rejected by federal courts).

The inquiry into whether the issues in controversy can be better settled in the pending state court proceeding involves the following:

- An examination of the scope of the pending state proceedings and the nature of the available defenses,
- Whether the claims of all parties in interest can satisfactorily be adjudicated in the state proceeding.
- Whether necessary parties have been joined.
- Whether necessary parties are amenable to process in the state proceeding.
- Whether the state had a compelling state interest in resolving the issue presented in the federal declaratory relief suit.

See Brillhart, 316 U.S. at 494-495. Under the factors enunciated in Brillhart, the state court action should proceed and the federal court action should not go forward. Hindle's claims against Finstein are before the state court, but they are not before the federal court. There are no necessary parties to the state court action that have not been joined to the state court action, and all necessary parties have already been served with process in the state court action. The issues of the case are all issues of state law, including the law applicable to professional liability insurance coverage disputes, which is a particular concern of the state and its courts.

The Brillhart Court expressly noted that it did not state a comprehensive enumeration of relevant factors governing the exercise of discretion. See Brillhart, 316 U.S. at 494-495. Guided by the principles expressed in Brillhart and the considerations that traditionally inform abstention decisions, the Eleventh Circuit has provided the following nonexclusive list of factors to be considered by a district court in deciding whether to abstain from adjudicating a declaratory judgment action in the face of parallel litigation in state court:

- The strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts.

- Whether the judgment in the federal declaratory action would settle the controversy.
- Whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue.
- Whether the declaratory remedy is being used merely for the purpose of "procedural fencing," that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case not otherwise removable.
- Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction.
- Whether there is an alternative remedy that is better or more effective.
- Whether the underlying factual issues are important to an informed resolution of the case.
- Whether the state trial court is in a better position to evaluate those factual issues than is the federal court.
- Whether there is a close nexus between the underlying factual and legal issues and state law or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

See Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1331 & n.4 (11th Cir. 2005). Under these additional factors, the state court action should govern the dispute between these parties and the federal court action should be dismissed. The state court has a compelling interest in deciding professional liability insurance coverage disputes involving its lawyers such as Finstein. With regard to Hindle, if the federal court action were to go on, then the action would not settle the entire controversy because the underlying dispute between Finstein and his

former client remains in state court. With regard to Liberty, its pursuit of this action despite the existence of a similar remedy in the state case implies that Liberty seeks a federal hearing in a case that is not otherwise removable. Finstein submits that Liberty's apparent preference for the federal forum is not a sufficient and compelling reason for this Court to entertain this action.

### 3. Significant Overlap of Law and Fact

In determining whether to exercise its declaratory relief jurisdiction, a district court should determine whether sufficient overlap exists over the issue of law and fact in both suits, such that all issues should be resolved in state court. See Nationwide Ins. v. Zavalis, 52 F.3d 689, 691-693 (7th Cir. 1995) (court should consider whether declaratory relief will serve useful purpose in clarifying legal relations or merely amount to duplicative or piecemeal litigation); see also Continental Casualty Co. v. Robsac Indus., 947 F.2d 1367, 1370-1373 (9th Cir. 1991), overruled on other grounds by Governmental Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1227 (9th Cir. 1998) (court discusses application of Brillhart factors and general policy against piecemeal litigation, and avoiding violating spirit of diversity removal). The state court action has been pending between Hindle and Finstein since last year. The claims before this Court concern only declaratory judgment on the professional liability insurance policy, not Hindle's underlying claims against Finstein for which Finstein seeks coverage. The overlap of law and fact between the federal and state actions is significant, and without dismissal of this action there would remain a risk of duplicative or piecemeal litigation between the state and federal courts.

## III.

## CONCLUSION

The Rhode Island Superior Court action, first filed, is the appropriate forum for this dispute because all issues between the parties can be fully decided in the state court action. To

sustain this action as Liberty requests would result in uneconomical as well as vexatious litigation with a significant risk of duplicative or piecemeal litigation. Despite Liberty's apparent preference for the federal forum, the pre-existing state action affords Liberty and all parties the opportunity for full and final relief, not only on the declaratory judgment issues between Liberty and Finstein, but also on the underlying liability issues between Finstein and Hindle. The dispute between these parties concerns issues of state professional liability insurance law, which is a compelling state interest and a particular interest of the state courts. There is no sufficient reason justifying an exception to the rule, following Brillhart, that "procedural fencing" such as this should not be entertained. Therefore, Finstein requests that this action be dismissed.

Respectfully submitted,

Defendant,
PAUL M. FINSTEIN,
By his attorney,

/s/ S. Paul Ryan
S. PAUL RYAN #2264
spryan@eplaw.necoxmail.com
670 Willett Avenue
East Providence, RI 02915
Tel: (401) 437-0660
Fax: (401) 433-1605

Date: July 30, 2007

EXHIBIT A

KENT SUPERIOR COURT
FILED

07 JUN 22 AM 10: 11

DAVID S. PERRY, CLERK

STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

THERESA HINDLE
Plaintiff

VS.

PAUL M. FINSTEIN
Defendant

C.A. No.: KC06-882

**ORDER**

This matter came on for hearing on Friday, June 22, 2007 Pursuant to the Motion by Defendant, Paul M. Finstein for leave to file a Third Party Complaint against Third Party Defendant Liberty Insurance Underwriters, Inc. The Honorable Justice O. Rogeriee Thompson presiding. After hearing thereon, and no objection thereto, it is hereby

ORDERED:

1. Defendant's Motion is granted.
2. Third Party Defendant shall have twenty days from the date of service upon it to file a responsive pleading or otherwise defend the Complaint.

ENTERED as an Order of this Court on this day of , 2007.

ENTER:

O. Rogeriee Thompson

6-22-07

PER ORDER:

Krystal St. Jacques
Deputy Clerk

Presented by,

S. Paul Ryan, Esq. (#2264)
670 Willett Avenue
East Providence, RI 02915
(401) 437-0660
(401) 433-1605 (Fax)

CERTIFICATION

I hereby certify that I mailed a true copy of the within Order to Attorney Jessica L. Basso, Law Office of Thomas R. Ricci, 303 Jefferson Boulevard, Warwick, RI, 02888, on the 22nd day of June, 2007.

[signature]

S. Paul Ryan
Attorney and Counsellor at Law

EXHIBIT B

670 Willett Avenue
East Providence, Rhode Island 02915
(401) 437-0660
Fax (401) 433-1605
spryan@eplaw.necoxmail.com

June 29, 2007

Joseph Penza, Esquire
Olenn & Penza
530 Greenwich Avenue
Warwick, RI 02886

***Re: Liberty Insurance Underwriters, Inc. / Paul M. Finstein***

Dear Joe:

I received your message last night but unfortunately my phone system is being switched from Vonage to Verizon on Friday and I am without a phone system.

Last Friday I had a Motion for Leave to file a Third Party Complaint against Liberty granted by the Superior Court. I am enclosing a copy of the executed Order. I am also including a copy of the Third Party Complaint and the Motion for Leave which resulted in the Order being entered.

When I tried to find an agent for service of process, neither the Secretary of State nor the Department of Business Regulation's Insurance Division had Liberty Insurance Underwriters, Inc., registered.

If you intend to file a complaint in addition to this Third Party Complaint in Federal Court, perhaps we could mutually agree to accept each other's service.

Very truly yours,

S. Paul Ryan, Esq.

SPR/klm
Enclosures

EXHIBIT C

O&P

OLENN & PENZA

ATTORNEYS AT LAW - LLP

July 6, 2007

S. Paul Ryan, Esq.
670 Willett Avenue
East Providence, RI 02915

Re: Liberty v. Finstein
Our File No. 6731/60

Dear Paul:

Thank you for your letter of June 29, 2007. I am providing you with a courtesy copy of the complaint I filed in the United States District Court.

I checked with my people at Liberty and as adjusters, they do not have the authority to permit me to accept service of process for Liberty. As much as I would like to do it, I cannot. Consequently, I will have Paul served at his office as discreetly as possible.

Perhaps you could double check with the Department of Business Regulation since I know that Liberty is authorized to conduct business within the state. I am surprised they do not have an agent for service.

Very truly yours,

Joseph F. Penza, Jr.
jfp@olenn-penza.com

JFP:pac
\letters\673160Ryan.wpd

EXHIBIT D

STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

THERESA HINDLE :
Plaintiff :

VS. : C.A. No.: KC 06-882

PAUL M. FINSTEIN :
Defendant/Third Party Plaintiff :

VS. :

LIBERTY INSURANCE UNDER- :
WRITERS, INC. :
Third Party Defendant :

**THIRD PARTY COMPLAINT**

**COUNT I**

DECLARATORY JUDGMENT ACTION

1. Third Party Plaintiff purchased a professional liability policy (number LPA195418-015) with an effective date of December 20, 2005. (Said policy was a "renewal").

2. The policy period was December 20, 2005 to December 20, 2006.

3. All premiums were paid during that policy period - so the policy was in force during that period.

4. The main action herein by Plaintiff, Theresa Hindle, was filed in Kent County Superior Court on or about October 13, 2006.

5. The Complaint was served upon this Defendant/Third Party Plaintiff on October 24, 2006.

6. Said Complaint alleges inter alia the Defendant/Third Party Plaintiff "…failure to exercise skill, care, and diligence…" in representing Theresa Hindle for damages and injuries she sustained in an automobile accident on December 1, 1995.

7. The allegations of Theresa Hindle are clearly a claim for damages arising out of negligent acts "covered" by the subject policy.

8. Said Defendant/Third Party Plaintiff has requested that Third Party Defendant provided a defense and indemnity to Plaintiff Theresa Hindle's claim.

9. Said Third Party Defendant has refused to provide either.

WHEREFORE, Plaintiff prays this Honorable Court grant the following relief:

1. That this Honorable Court render a Declaratory Judgment pursuant to R.I.G.L. 9-30-1 et seq. that the Third Party Plaintiff, Paul M. Finstein, was insured through Third Party Defendant at the time the within action was filed.

2. That this Honorable Court render a Declaratory Judgment action that the subject claim of Plaintiff, Theresa Hindle is a covered loss under the insurance that was in force.

3. That this Honorable Court render a Declaratory Judgment that the Defendant/Third Party Plaintiff is entitled to have the Third Party Defendant provide a defense to the Plaintiff's claims and that the Third Party Defendant must indemnify the Defendant/Third Party Plaintiff against any losses in accordance with the terms of said policy.

4. That this Honorable Court grant whatever other relief it deems meet and just.

Defendant/Third Party Plaintiff,
Paul M. Finstein,
By and through his Attorney,

S. Paul Ryan, Esq. (#2264)
670 Willett Avenue
East Providence, RI 02915
(401) 437-0660
(401) 433-1605 (Fax)

**COUNT II**

**BREACH OF CONTRACT**

10. Third Party Plaintiff incorporates by reference paragraphs 1 through 9 above.

11. Third Party Defendant breached its contract to provide insurance coverage to Third Party Plaintiff to insure claims arising out of the acts or omissions described above.

12. As a result of the breach of the contract by Third Party Defendant, Third Party Plaintiff has sustained monetary damages and continues to sustain further monetary losses.

WHEREFORE, Third Party Plaintiff demands judgment against the Third Party Defendant.

Defendant/Third Party Plaintiff,
Paul M. Finstein,
By and through his Attorney,

S. Paul Ryan, Esq. (#2264)
670 Willett Avenue
East Providence, RI 02915
(401) 437-0660
(401) 433-1605 (Fax)

**COUNT III**

**BAD FAITH**

Third Party Plaintiff realledges Counts 1 through 12 above.

13. As stated above, Third Party Plaintiff has requested that Third Party Defendant insurer defend and then provide an indemnity under the terms of the subject policy.

14. Third Party Defendant insurer's failure to provide either, and at the very minimum a defense, constitutes bad faith.

WHEREFORE, Third Party Plaintiff demands judgment against Third Party Defendant for the cost of defense, punitive damages, attorney's fees and other damages that this Court deems appropriate.

Defendant/Third Party Plaintiff,
Paul M. Finstein,
By and through his Attorney,

S. Paul Ryan, Esq. (#2264)
670 Willett Avenue
East Providence, RI 02915
(401) 437-0660
(401) 433-1605 (Fax)

**THIRD PARTY DEFENDANT DEMANDS A TRIAL BY JURY.**

EXHIBIT E

STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

THERESA HINDLE }
}
V. } C.A. NO.: KC2006-882
}
PAUL M. FINSTEIN }

**COMPLAINT**

Comes now the Plaintiff, THERESA HINDLE, by and through counsel, and alleges the following:

1. Plaintiff, THERESA HINDLE, is, and at all times relevant to this action has been, a resident of the Town of West Warwick, County of Kent, State of Rhode Island, and presently resides at 145 Pine Orchard Road, West Warwick.
2. The Defendant, PAUL M. FINSTEIN, is admitted to the bar and is licensed to practice law in the State of Rhode Island. The defendant maintains an office for the practice of law at 3010 Post Road, Warwick, Rhode Island 02903.
3. The amount in controversy is sufficient to confer jurisdiction upon this Honorable Court.
4. On December 1, 1995, Plaintiff was involved in an automobile accident with a Mr. Richard R. Rampino.
5. Plaintiff retained Defendant for the purpose of representing her in a personal injury action against Mr. Rampino.
6. On November 25, 1998, Defendant filed suit on behalf of Plaintiff and her husband, David E. Hindle, against Mr. Rampino for personal injuries suffered by Plaintiff and the expenses incurred by Mr. Hindle for the care and treatment of Plaintiff. The case was assigned number KC98-978.

7. On or about November 25, 1998, Defendant attempted to have service of process served upon Mr. Rampino.

8. Service of process was unsuccessful, as Mr. Rampino had died in an automobile accident on May 8, 1997.

9. Following Defendant's attempt at executing service of process on Mr. Rampino, Defendant failed to take further action on the case, and on April 15, 2004, Judge Rodgers filed an order dismissing the case pursuant to R.I.G.L. § 9-8-5 for lack of prosecution

10. The Defendant's failure to prosecute Plaintiff's action was a failure to exercise reasonable care, skill, and diligence in representing the Plaintiff.

11. As a proximate result of the Defendant's failure to exercise skill, care, and diligence in representing the Plaintiff, the Plaintiff has permanently and irrevocably lost her right of action in the personal injury action stemming from her December 1, 1995 motor vehicle accident.

12. The Defendant's failure to prosecute Plaintiff's personal injury action constituted both a negligent act and a breach of the contractual obligation owed to the Plaintiff.

13. As a proximate result of the Defendant's failure to prosecute the Plaintiff's personal injury action, the Plaintiff has been forced to obtain another attorney and to incur additional attorney's fees, in an indeterminable amount, in an attempt to recover compensation for the injuries she sustained in the December 1, 1995 motor vehicle accident.

WHEREFORE, the Plaintiff prays for judgment against the Defendant for general damages, costs and attorney's fees associated with this lawsuit, together with such other relief this Honorable Court deems appropriate.

Plaintiff hereby demands a trial by jury and designates Thomas R. Ricci and Joseph J. Ranone as trial counsel.

Plaintiff
By his Attorneys,

Thomas R. Ricci # 4165
303 Jefferson Blvd.
Warwick, R.I. 02888
401-921-4800

Joseph J. Ranone # 7266
303 Jefferson Blvd.
Warwick, R.I. 02888
401-921-4800